UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO:  CV-

| | | |
|---|---|---|
| ALISHA MORELAND., an individual | ) | |
| Plaintiff | ) | |
| v. | ) | COMPLAINT |
| DELANOR KEMPER & ASSOCIATES | ) | |
| Defendant | ) | JURY TRIAL DEMANDED |
| | ) | |

COMPLAINT

I.  JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

II.  PARTIES

3. Plaintiff, Alisha Moreland ("Plaintiff"), is a natural person who resides 229 N. 7th Street, Darby, Pennsylvania 19023 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.     Defendant, Delanor Kemper & Associates ("DK") is upon information and belief, a company located at 2221 Peachtree Road, Suite 473, Atlanta, Georgia 30342, and, at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.     Defendant, John Quinn ("Quinn") is, upon information and belief, located at 2221 Peachtree Road, Suite 473, Atlanta, Georgia 30342, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and, at all times relevant herein, acted by and through and on behalf of DK, as, upon information and belief, an owner, manager, officer, shareholder, authorized representative, partner, employee, agent and/or workman.

7.     Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III.  FACTUAL ALLEGATIONS

9. In early March, 2011, Defendant Quinn called Plaintiff's place of employment three times and spoke with Plaintiff's supervisor, Lisa Taddy.

10. On one occasion, Defendant Quinn threatened to call the Payroll Department if Ms. Taddy did not let him speak to Plaintiff.

11. On March 7, 2011, Defendant Quinn called Plaintiff's place of employment again and spoke with Ms. Tally. Ms. Tally told Quinn to stop calling, as Plaintiff was not allowed to receive telephone calls at work.

12. On March 8, 2011, Defendant Quinn telephoned Plaintiff's place of employment and was put through to Plaintiff, where he proceeded to threaten to have Plaintiff arrested at work in front of her co-workers.

13. Plaintiff then spoke with Defendant Quinn's supervisor, Avery Williams, who told Plaintiff that he would stop Quinn from calling her at work.

14. Defendant Quinn then began calling Plaintiff on her cell phone.

15. Defendant DK failed to provide Plaintiff with the required thirty day validation notice within five days of initial contact with Plaintiff.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

16. Plaintiff incorporates her allegations of paragraphs 1 through 15 as though set forth at length herein.

17. Defendant's aforestated actions violated the FDCPA as follows:

(a) Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting the consumer's place of employment if the debt collector knows or has reason to know that consumer's employer prohibits the consumer from receiving such communication.

(b) Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other then the consumer, consumer's attorney, or credit bureau concerning the debt.

(c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(d) Defendant violated 15 U.S.C. § 1692d(2) by using language, the natural consequence or which, is to abuse the hearer.

(e) Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

(f) Defendant violated 15 U.S.C. § 1692e(4) by representing or implying that non-payment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector intends to take such action.

(g) Defendant violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

(h) Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect a debt or obtain information about a consumer.

(i) Defendant violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

(j) Defendant violated 15 U.S.C. § 1692g by failing to provide the consumer with a 30-day validation notice within five days of the initial communication with consumer.

18. As a direct and proximate result of the Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

19. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

20. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

24. As a result of each of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alisha Moreland, prays that judgment be entered against Defendant for the following:

    (1)    Actual damages;

    (2)    Statutory damages in the amount of $1,000.00;

    (3)    Reasonable attorney's fees and costs;

    (4)    Declaratory judgment that the Defendants' conduct violated the FDCPA;

    (5)    Such other and further relief that the Court deems just and proper.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
**(FCEUA, 73 Pa. C.S § 2270.1, et. seq.**

25.    Plaintiff incorporates her allegations of paragraphs 1 through 24 as though set forth at length herein.

26.    Defendant violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alisha Moreland, prays that judgment be entered against Defendant for the following:

    (1)    An Order declaring that Defendant violated the FCEU;

    (2)    Actual damages;

    (3)    Treble damages;

    (4)    Reasonable attorney's fees and costs;

    (5)    Such other and further relief that the Court deems just and proper.

### COUNT III

### VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
### ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

27. Plaintiff incorporates her allegations of paragraphs 1 through 26 as though set forth at length herein.

28. Defendant violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

29. Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendant include, but are not limited to, the following:

Defendant engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

30. Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alisha Moreland, prays that judgment be entered against Defendant for the following:

(1) An Order declaring that Defendant violated the UTCPL

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

### V.  DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*
_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com


*Attorney for Plaintiff, Alisha Moreland*