UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO: CV-11-3762

| | | |
|---|---|---|
| ALISHA MORELAND, an individual | ) | |
| Plaintiff | ) | |
| v. | ) | |
| DELANOR KEMPER & ASSOCIATES, LLC | ) | CASE NO. 11-3762 |
| d/b/a DELANOR KEMPER & ASSOCIATES | ) | |
| and | ) | |
| JOHN QUINN | ) | |
| Defendant | ) | JURY TRIAL DEMANDED |

### ORDER ENTERING JUDGMENT
### AGAINST DEFENDANTS

AND NOW, this _____ day of _____, 2012, upon consideration of Plaintiff's Motion for Entry of Default Judgment (Doc. No. ____), it is hereby ORDERED that Plaintiff's Motion is GRANTED.  It is further ORDERED that Judgment is hereby entered against Defendants, Delanore Kemper & Associates, LLC b/b/a Delanor Kemper & Associates and John Quinn, jointly and severally, for violations of the Fair Debt Collection Practices Act, and in favor of Plaintiff for $ 1,000.00 and for Plaintiff's attorney's fees and costs in the amount of $6,642.59.

BY THE COURT:


_____
HONORABLE TIMOTHY J. SAVAGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO:  CV-

| | |
|---|---|
| ALISHA MORELAND, an individual ) | |
|           Plaintiff ) | |
| v. ) | |
| DELANOR KEMPER & ASSOCIATES, LLC ) | CASE NO.  11-3762 |
| d/b/a DELANOR KEMPER & ASSOCIATES ) | |
| and ) | |
| JOHN QUINN ) | |
|           Defendant ) | JURY TRIAL DEMANDED |
| ) | |

### MOTION FOR ENTRY OF JUDGMENT IN SUM CERTAIN

Plaintiff, Alisha Moreland hereby moves for the entry of judgment upon default entered pursuant to Rule 55 of the Federal Rules of Civil Procedure.

In support of this Motion, Plaintiff states that Defendants Delanor Kemper & Associates, LLC d/b/a Delanor Kemper & Associates and John Quinn were served on August 4, 2011 via certified mail, return receipt, restricted delivery.  As to date, Defendants have failed to file an answer or a responsive pleading pursuant to the Federal Rules of Civil Procedure.  As a result of Defendant's failure to answer or otherwise plead as provided by the Rules of Court, the Clerk of Court entered Defendants; Default on September 27, 2011.

Plaintiff now moves for the entry of judgment on the default in the aggregate sum of $6,642.59. Plaintiff incorporates the attached Brief and Certification of Michael P. Forbes, Esquire in support thereof.

Dated:  2/10/12                      **LAW OFFICE OF MICHAEL P FORBES, P.C.**
                                              By:    Mpf8441/s/*Michael P. Forbes*
                                              Michael P. Forbes, Esquire
                                              Attorney ID. No.:  55767

        200 Eagle Road
        Suite 220
        Wayne, PA  19087
        610-293-9399
        610-293-9388 (facsimile)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO:  CV-

| | |
|---|---|
| ALISHA MORELAND, an individual ) | |
| Plaintiff ) | |
| v. ) | |
| DELANOR KEMPER & ASSOCIATES, LLC ) | CASE NO.  11-3762 |
| d/b/a DELANOR KEMPER & ASSOCIATES ) | |
| and ) | |
| JOHN QUINN ) | |
| Defendant ) | JURY TRIAL DEMANDED |
| ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ENTRY OF JUDGMENT IN SUM CERTAIN**

**INTRODUCTION**

Plaintiff, Alisha Moreland filed an Amended Complaint against Defendants Delanor Kemper & Associates, LLC d/b/a Delanor Kemper & Associates and John Quinn on July 12, 2011 for violating the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692.  A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "A".  As set forth in the Amended Complaint and below, Defendants engaged in false, deceptive, harassing and abusive collection efforts on a debt alleged due for a defaulted credit obligation as set forth below.

In early March, 2011, a man who identified himself as John Quinn from Defendant Delanor Kemper & Associates called Plaintiff's place of employment three times and spoke with Plaintiff's supervisor, Lisa Taddy.  On one occasion, Defendant Quinn threatened to call the Payroll Department if Ms. Taddy did not let him speak to Plaintiff.

On March 7, 2011, Defendant Quinn again called Plaintiff's place of employment and spoke with Ms. Taddy, who asked Defendant Quinn to stop calling, as Plaintiff was not permitted to receive telephone calls at work.  On March 8, 2011, Defendant Quinn telephoned Plaintiff's place of employment and was put through to Plaintiff, where he proceeded to threaten to have Plaintiff arrested at work in front of her co-workers.

Plaintiff contacted Defendant Delanor Kemper & Associates and spoke with Defendant Quinn's supervisor, Avery Williams.  Mr. Williams informed Plaintiff that he would stop Defendant Quinn from calling her at her place of employment.  Subsequently, Defendant Quinn began calling Plaintiff on her cell phone.

Defendants also failed to provide Plaintiff with the required thirty-day validation notice within five days of initial contact with Plaintiff.

Plaintiff subsequently sued Defendants for violations of the relevant sections of the FDCPA as follows:  contacting the consumer's place of employment if the debt collector knows or has reason to know that consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. § 1692c(a)(3);  by communicating with a person other than the consumer, consumer's attorney, or credit bureau concerning the debt in violation of 15 U.S.C. § 1692c(b); by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d; by using language, the natural consequence of which is to abuse the hearer in violation of 15 U.S.C. § 1692d(2); by making false, deceptive, or misleading representations or means in connection with the debt collection in violation of 15 U.S.C. § 1692e; by representing or implying that non-payment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector

intends to take such action in violation of 15 U.S.C. § 1692e(4); by threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5); by using false representation or deceptive means to collect a debt or obtain information about a consumer in violation of 15 U.S.C. § 1692e(10); by using any unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f; and by failing to provide the consumer with a 30-day validation notice within five days of the initial communication with consumer in violation of 15 U.S.C. § 1692g.

At all times material and relevant hereto, Defendants Delanor, Kemper & Associates, LLC and John Quinn transacted business in the Eastern District of Pennsylvania operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendants Delanor Kemper & Associates, LLC and John Quinn, upon information and belief, participated in, knew of, approved of, consented to, and/or ratified the acts complained of within Plaintiff's Amended Complaint.

Terri Roseberry, an individual over 18 years of age, served the Summons and Amended Complaint via certified mail restricted delivery pursuant to Fed. R. Civ. P. 4 upon the Defendants. A copy of the Affidavit of Service is attached hereto as Exhibit "B". No answer was filed.

Since the service of the Summons and Amended Complaint, Plaintiff's Counsel had numerous discussions and exchanged numerous emails with Elizabeth Noellien, a representative of Defendants. No counsel ever entered an appearance on behalf of the Defendants. Plaintiff's Counsel further provided Defendants and Ms. Noellien with

copies of its Request for Entry of Default on September 26, 2011. Despite Plaintiff's request that Defendant file an answer and despite being provided with notice of Plaintiff's Request for Entry of Default, Defendants never provided Plaintiff with a responsive pleading.

As per the docket attached hereto as Exhibit "C", on September 27, 2011, the Clerk entered default as to Defendants for their failure to answer or otherwise plead, pursuant to Fed. R. Civ. P. 55. (Doc No.  ). Plaintiff, Alisha Moreland now moves for the entry of judgment in a sum certain.

**LEGAL ISSUE**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, upon proof of damages, judgment in a sum certain may now be appropriately entered against Defendant as it has failed to appear in this matter.

**ARGUMENT**

**I.     DEFAULT J UDGMENT SHOULD BE ENTERED AGAINST DEFENDANT FOR FAILURE TO PLEAD OR OTHERWISE DEFEND IN THIS MATTER AND FOR VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT**

Defendants' conduct of attempting to collect a debt utilizing various methods intended to abuse, harass and mislead the consumer, is in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. § §1692c(a)(3), 1692c(b), 1692d, 1692d(2), 1692e, 1692e(4), 1692e(5), 1692e(10), 1692f and 1692g. The FDCPA prohibition against false, deceptive and misleading collection practices is designed to protect the least sophisticated consumer. Clearly, Defendants' false deceptive and misleading statements to Plaintiff are exactly the type of conduct the FDCPA seeks to prevent.

The FDCPA is a strict liability statute. *Russell v. Equifax A.R.S.,* 74 F.3rd 30, 33 (2d Cir. 1996)(the FDCPA imposes strict liability); *Bentley* 6 F.3d at 63("The FDCPA is a strict liability statute"). Under Section 1692k of the FDCPA, statutory damages in an amount up to $1,000.00 are awardable from any person for violating the Act. In determining the amount of statutory damages awarded, the Act provides a list of factors, including but not limited to "the frequency and persistence of noncompliance by the debt collector, the nature of the noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

In the case at bar, Defendants' actions were serious and intentional, violating multiple and numerous provisions of the Act. Specifically, Defendants' acts representing that non-payment of any debt will result in her arrest, continuing to call her employment after being advised to stop, calling her supervisor, all of which violate some of the most important protections of the FDCPA and exploits a consumer's deepest fears. Defendants' knowing and conscious disregard for Plaintiff's rights under the FDCPA by threatening to take actions which could not legally be taken justify a maximum award of statutory damages. *See* 15 U.S.C. § 1692k(b).

The primary purpose of allowing statutory damages under the FDCPA is to encourage consumers to bring actions against collectors who engage in false, deceptive or misleading conduct even if there are little or no actual damages. *See Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997)(awarding full statutory damages to deter future improper collection practices.) Awarding full statutory damages encourages consumers to stand up for their rights, redress a debt collector's wrong, and reinforces the remedial nature of the FDCPA. *See Crossley v. Leiberman*, 90 B.R. 682 (E.D. Pa. 1988), *aff'd*,

868 F.2d 566 (3d Cir. 1989).  Awarding only a nominal statutory damage would not send the needed and appropriate message to the offending debt collector nor properly reward consumers.[1]

In *Nelson v Select Financial Services, Inc.*, No. 05-3472, 2006 U.S. Dist. LEXIS 42637, at *4-5 E.D. Pa. June 8, 2006), Judge Dalzell found the debt collector's cavalier attitude toward its FDCPA obligation supported a larger award of $1,000.00.   Similarly here, although Defendants voraciously persistent in their efforts to collect an alleged debt, when served with a federal lawsuit detailing their illegal conduct, Defendants did nothing.  When sent the notice of default under Rule 55, Defendants still took no action.

It is apparent from the Defendants' multiple violations, the nature of those violations, and the apparent "low regard" Defendants hold for the federal law that governs its business that a fill award of statutory damages and counsel fees will be necessary to get its attention and compliance.  *See id.*   Therefore, for the foregoing reasons, Defendants should be held liable to Plaintiff for statutory damages in the amount of $1,000.00.

## II.   PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES, AND ATTORNEYS FEES AND COSTS AS A RESULT OF DEFENDANTS' VIOLATIONS OF THE FDCPA

Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person in an amount equal to the sum of (a) any actual damage sustained by such person as a result of such failure; (2) statutory damages up to $1,000.00; and (3) the costs of the action, together with a reasonable attorney's fee as determined by the court.  15 U.S.C. § 1692k(a).

---

[1] The $1,000.00 limit on statutory damages has not been raised since the enactment of the FDCPA in 1977. Senate Report No. 95-382, U.S. Senate (Aug. 2, 1977).  The statutory damage today does not have the same deterrent effect as it did  when the FDCPA was enacted.

### A. Statutory Damages

Under Section 1692k of the FDCPA, statutory damages in an amount up to $1,000 are awardable for violating the Act. In determining the amount of statutory damages awarded, the Act provides a non-exclusive list of factors, including "the frequency and persistence of noncompliance by the debt collector, the nature of the noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Here, Defendants' actions were egregious, in that Defendants misrepresented their true identities and threatened action that could not legally be taken or were not intended to be taken

A primary purpose of allowing statutory damages under the FDCPA is to encourage consumers to bring actions against collectors who violate the Act, even absent actual damages. *See Sithers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997) (awarding full statutory damages to deter future improper collection practices). Awarding full statutory damages encourages consumers to stand up for their rights, begin to redress a debt collector's wrong, and reinforces the remedial nature of the FDCPA. *See Crossley*, 90 B.R. 682. Awarding only a nominal statutory damage would not send the needed and appropriate message to the offending debt collector nor properly reward consumers.[2]

In *Nelson v. Select Financial Services, Inc.*, 2006 WL 1672889 at *2 (E.D. Pa. June 9, 2006), Judge Dalzell found the debt collector's cavalier attitude toward its FDCPA obligation supported a full award of $1,000.00. Similarly here, although Defendants were perseverant (to the point of harassment) in their efforts to collect this

---

[2] The $1,000.00 limit on statutory damages has not been raised since the enactment of the FDCPA in 1977. Senate Report No. 95-382, U.S. Senate (Aug. 2, 1977). $1,000 statutory damage today does not have the same deterrent effect as it did when the FDCPA was enacted.

debt, when served with a federal lawsuit detailing its illegal conduct and then Plaintiff's request for entry of default, they did nothing to address this matter. Because of the "low regard" Defendants hold for the federal law that governs its business, a full award of statutory damages in the amount of $1,000 and counsel fees will be necessary to get their attention and compliance. *See id.*

### III. ATTORNEY'S FEES, ALONG WITH COSTS, ARE PROPERLY AWARDED IN THIS MATTER

The FDCPA is a fee-shifting statute, and § 1692k(a)(3) of the FDCPA permits the award of "costs of the action, together with a reasonable attorney's fees as determined by the court." Our Court of Appeals held an award of counsel fees to a prevailing FDCPA Plaintiff to be mandatory, absent unique circumstances not here present. *Graziano v. Harrison*, 950 F.2d 107, 111-113 (3rd Cir. 1991). This encourages the enforcement of the FDCPA through "private attorneys general". *Id; Nelson v. Select Financial Servs. Inc.*, 2006 WL 1672889 (E.D. Pa. June 9, 2006). The fee and cost requests here of $     is reasonable, fully documented, and should be granted.

Statutory counsel fees are designed to encourage competent counsel to accept fee-shifting cases on contingent fees. *See Graziano*, 950 F.2d at 111-13; *Student Public Int. Res. Group v. AT&T Bell Laboratories, Inc.* 842 F2d. 1436, 1449 (3d Cir. 1988). There is likewise no requirement that the amount of attorneys fees awarded be proportionate to the amount of recovery. *See Nelson v. Select Financial Services, Inc.*, No. 05-3473, 2006 U.S. Dist LEXIS 42637 (E.D. Pa. June 8, 2006); *Oslan v Law Offices of Mitchell N. Kay*, 232 F. Supp. 2d 436, 444 (E.D. Pa. 2002).

The lodestar method is used as the basis to calculate an award of attorney fees. *Washington v. Philadelhia Court of Common Pleas*, 89 F. 3d 1031, 1035 (3d Cir. 1996);

*Saunders v. Berks Credit and Collections, Inc.*, No.Civ. 00-3477, 2002 WL 1497374, at *15 (E.D. Pa. 2002).  The lodestar method of calculating attorney fees involves multiplying the number of hours reasonable expended on the litigation times a reasonable hourly rate.  *Washington*, 89 F.3d at 1035.

As provided in the attached Certification of Michael P. Forbes, appended hereto as Exhibit "D," Plaintiff has incurred $5642.59 in attorneys' fees and costs in bringing this action, inclusive of the preparation and filing of the within Motion.  A breakdown of those fees and costs are attached to Mr. Forbes' Certification, which are usual and customary in this type of consumer litigation.

As set forth in the timesheets, attached to Mr. Forbes' Certification, Plaintiff's legal counsel has spent an aggregate of 14.4 hours on this matter in addition to .8 hours for paralegal time.  The legal fees and costs include conferring with the Plaintiff, preparing the complaint and cover sheets; filing and serving the compliant; speaking with the Defendants regarding Defendants' Default and possible settlement, moving for the entry of default; and now moving for and briefing the entry of default judgment, together with affidavits and exhibits.  All the time was reasonably spent pursuing this matter.

As set forth more fully in Mr. Forbes' Certification, $350.00 per hour was his billing rate for 2011-2012 for consumer credit matters in which Mr. Forbes was engaged and represents a reasonable market based rate for his services.  Mr. Forbes has been a member of the bar for over twenty two years, practicing primarily in consumer credit litigation and family law.  Mr. Forbes regularly speaks at continuing legal education seminars regarding consumer issues and more specifically on litigation of FDCPA cases.

Also attached as Exhibit "E" is the Affidavit of Mark S. Pearlstein, Esquire**,** a veteran trial attorney, who has represented consumers in this geographic area and is familiar with the rates charged by attorneys practicing consumer law.

Mr. Pearlstein has reviewed Mr. Forbes's time sheets and substantiated Mr. Forbes' fees and rates as being commensurate with Mr. Forbes' experience and in accord with the prevailing rates for consumer lawyers practicing under the FDCPA in the Philadelphia area legal community.

Mr. Forbes' rates are supported by the Philadelphia Community Legal Service ("CLS") fee schedule which has been "approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (internal citations omitted). The CLS fee schedule is attached as Exhibit "F".

The rates quoted in the CLS index are comparable to the fee schedules used to calculate attorneys' fees in other FDCPA cases in this district. See, e.g., *Weed-Scherzer*, 2011 U.S. Dist. LEXIS 108928 at *18-19; *Overly v. Global Credit & Collection Corp*, 2011 U.S Dist. LEXIS 72460 (M.D. Pa. July 6, 2011) at *12-15.

The firm has expended a total of $456.63 in costs for his litigation.  As set forth in the billing records attached to Mr. Forbes' Certification, these costs include the filing fee of $350.00, and courier and postage expenses.

A summary of the legal fees and costs incurred is as follows:

        Michael P. Forbes -	14.4 x $350.00 per hour = $5,040.00

        Terri Roseberry (paralegal)	.8 x $130.00    per hour = $ 104.00

|  |  |  |
|---|---|---|
| **SUB-TOTAL** | = | $5,144.00 |
| Costs | = | $ 498.59 |
| **TOTAL COSTS AND FEES** | = | $5,642.59 |

Finally, most of these legal fees could have been avoided if Defendants promptly and properly responded to the summons and Complaint and came forward to settle the matter in light of the obvious and serious violations.

**CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for the Entry of Judgment should be granted, and Judgment should be entered against the Defendants and in favor of the Plaintiff Moreland in the amount of $1,000 in statutory damages, $5,144.00 in fees, and $456.63 in costs, 15 U.S.C. § 1692k(a)(3).[3]  A form of Order and judgment in the sum of $6,642.59 is appended.

Respectfully submitted,

Dated: 2/10/12

**LAW OFFICE OF MICHAEL P. FORBES, P.C.**
By:   Mpf8441/s/*Michael P. Forbes*
Michael P. Forbes, Esquire
Attorney ID. No.:  55767
200 Eagle Road
Suite 220
Wayne, PA  19087
610-293-9399
610-293-9388 (facsimile)

---

[3] Attorneys' fees incurred in preparing a fee application are recoverable as well.  *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980).

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO:  CV-

| | | |
|---|---|---|
| ALISHA MORELAND, an individual | ) | |
|            Plaintiff | ) | |
|     v. | ) | |
| DELANOR KEMPER & ASSOCIATES, LLC | ) | CASE NO.  11-3762 |
| d/b/a DELANOR KEMPER & ASSOCIATES | ) | |
| and | ) | |
| JOHN QUINN | ) | |
|            Defendant | ) | JURY TRIAL DEMANDED |
| | ) | |

**CERTIFICATE OF SERVICE**

    I, MICHAEL P. FORBES, do hereby certify that I did mail a copy of the foregoing Motion for the Entry of Judgment and Supporting Brief, via first class mail, postage prepaid, to the following:

Delanor Kemper & Associates, LLC
John Quinn c/o
Delanor Kemper & Associates, LLC
2221 Peachtree Road
Suite 473
Atlanta, GA 30342


Dated:  2/10/12                **LAW OFFICE OF MICHAEL P FORBES, P.C.**
                                   By:     Mpf8441/s/*Michael P. Forbes*
                                   Michael P. Forbes, Esquire
                                   Attorney ID. No.:  55767
                                   200 Eagle Road
                                   Suite 220
                                   Wayne, PA  19087
                                   610-293-9399
                                   610-293-9388 (facsimile)